IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:22-CV-137 (WOB-EBA)

DUSTIN COTTRILL, ET AL.                                    PLAINTIFFS

VS.                      **MEMORANDUM OPINION AND ORDER**

MASON COUNTY ANIMAL
SHELTER, ET AL.                                            DEFENDANTS.

This is an action brought by Dustin and Mary Cottrill ("the Cottrills") against the Mason County Animal Shelter, its Manager, Bill Howell ("Howell"), its Assistant Manager, Walter Teegarden ("Teegarden"), a third unknown employee, and the Maysville Police Department stemming from the death of their dog in July 2022.[1] Currently before the Court are Defendants Mason County Animal Shelter, Howell, and Teegarden's Motion to Dismiss, (Doc. 14), and the Cottrills' Motion for Leave to Amend their Complaint, (Doc. 19).

The Court has carefully reviewed this matter and, being advised, now issues the following Memorandum Opinion and Order.

*Factual and Procedural Background*

On June 25, 2022, Plaintiff Mary Cottrill took her family dog, a five-year-old German Shephard named Ghost, out for a walk

---

[1] To date, Plaintiffs have neither served the Maysville Police Department nor substituted a name for Defendant "Unknown Mason County Animal Shelter Employee."

1

near her driveway in Maysville, Kentucky. (Doc. 1 at 2-3). A group of people walked past the Cottrills' property, which caused Ghost to become agitated and slip out of his collar. (*Id.* at 3). Once he was loose, Ghost bit one of the passersby, breaking her skin and drawing blood, although she described the bite as "more of a scrape, not a deep wound." (*Id.*).

The following night, a Mason County police officer visited the Cottrills' home to inform them that Ghost would need to be held in quarantine for ten days. (*Id.*). Accordingly, Plaintiff Dustin Cottrill placed a muzzle on Ghost "[f]or safety" and brought him to the Mason County Animal Shelter, where he left him in a holding kennel. (*Id.* at 3-4).

Five days later, on July 1, 2022, the Cottrills were notified that Ghost had died. (*Id.* at 4). Mr. Cottrill then went to the Mason County Animal Shelter, where he found Ghost's body in the same holding kennel and saw the muzzle lying next to it. (*Id.*). Thereafter, the Cottrills had a necropsy performed on Ghost, which found only "small amounts of hemorrhagic liquid" in his stomach. (*Id.*).

On November 7, 2022, the Cottrills filed the instant action in this Court, asserting claims for: (1) violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; (2) deprivation of rights pursuant to Section 1 of the Kentucky Constitution; (3) negligence; (4) gross negligence; (5) reckless misconduct; (6)

intentional infliction of emotional distress; and (7) negligent infliction of emotional distress against Howell, Teegarden, and an unknown Animal Shelter employee. (*Id.* at 5-11).

The Cottrills have also asserted negligence claims against the Mason County Animal Shelter based on its hiring and training of Howell and Teegarden and the allegedly negligent conduct of Howell, Teegarden, and the unknown individual while they were acting as agents, servants, or employees of the Animal Shelter. (*Id.* at 7-8). Plaintiffs have made similar negligence claims against the Maysville Police Department based on its hiring and training of the officer who reported to the Cottrills' residence and that officer's allegedly negligent conduct while he acted as an agent, servant, or employee of the Police Department. (*Id.*).

On March 20, 2023, Defendants Mason County Animal Shelter, Howell, and Teegarden moved to dismiss Plaintiffs' claims against them for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 14 at 1).

While awaiting the completion of briefing on Defendants' Motion to Dismiss, the Court ordered Plaintiffs to show cause as to why the claims against the Maysville Police Department should not be dismissed, given that Plaintiffs had failed to serve that Defendant within the ninety days allowed by Federal Rule of Civil Procedure 4(m). (Doc. 15).

In response, the Cottrills moved for leave to amend their Complaint. (Doc. 19). In their Proposed Amended Complaint, the Cottrills removed both the unknown Animal Shelter employee and the Maysville Police Department, added the Mason County Fiscal Court, and continued to name the Mason County Animal Shelter, Howell, and Teegarden as Defendants. (Doc. 19-1 at 1).

Further, the Cottrills' Proposed Amended Complaint added some additional causes of action including a § 1983 claim for violation of the Fourteenth Amendment against the Mason County Animal Shelter, negligence per se claims against Howell and Teegarden, negligent hiring claims against Howell and Teegarden, a vicarious liability claim against the Mason County Animal Shelter, and a punitive damages claim against the Mason County Animal Shelter. (*Id.* at 7, 9, 13–15, 17–19).

### *Analysis*

#### A. § 1983 Claim

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a claim if it "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

4

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *id.* at 556).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). However, at the motion to dismiss stage, courts must construe the complaint liberally, presume all factual allegations in the complaint to be true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (internal citations omitted). "The moving party has the burden of proving that no claim exists." *Id.*

### i. Capacity

First, Defendants argue that the Cottrills have failed to assert a viable § 1983 claim against Howell and Teegarden in their official capacities. (Doc. 14 at 8). Plaintiffs do not specifically identify in their Complaint whether they are asserting claims against Howell and Teegarden in their individual or official capacities. However, just as Defendants note, Howell and Teegarden have not been served in their individual capacities. (*See id.* at 4 n.1). Instead, Plaintiffs sent Summonses for Howell and Teegarden and copies of the Complaint via certified mail to both the Mason

5

County Fiscal Court and the Mason County Animal Shelter. (Doc. 13 ¶¶ 1-2).[2]

While service on an employer can be sufficient to confer personal jurisdiction over a defendant in their official capacity, it does not confer jurisdiction over a defendant in their individual capacity. *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Ecclesiastical Ord. of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988) (per curiam)). That Howell and Teegarden are presumably aware of this suit also "makes no legal difference to the question whether [they were] properly served." *See id.* at 655–56 (footnote omitted) (citing *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)).

Further, the Cottrills do not argue that they properly served Howell and Teegarden in their individual capacities. Accordingly, the Court will evaluate the Cottrills' claims against Howell and Teegarden in their official capacities.

### ii.  Monell Claim

Official capacity suits are functionally the same as pleading an action against the entity of which the officer is an agent.

---

[2] Notably, despite Plaintiffs' counsel's statement that she would file Notices of Proof of Service Executed upon receiving the signed USPS Certified Mail "green cards" for each Summons, (*see* Doc. 13 at 3), no acknowledgment of receipt of service has ever been filed in the record. However, Howell and Teegarden do not challenge service in their official capacities.

6

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Accordingly, official capacity claims against Howell and Teegarden will be treated as claims against Mason County, Kentucky.

Congress only intended for counties to be liable under § 1983 when "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. To succeed on a *Monell* claim, the plaintiff "must point to a municipal 'policy or custom' and show that it was the 'moving force' behind the constitutional violation." *Crabbs v. Scott*, 800 F. App'x 332, 336 (6th Cir. 2020) (quoting *id.* at 694). At the pleading stage, the plaintiff must allege either: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

Here, the Cottrills attempt to proceed under the third method by alleging that the "Mason County Animal Shelter had a custom, policy, or practice of failing to train and supervise their employees." (*See* Doc. 1 at 4). However, this bare assertion is

7

insufficient to survive Defendants' Motion to Dismiss. Courts in this Circuit have "repeatedly granted motions to dismiss § 1983 claims when the plaintiff does not provide factual support or merely recites the legal requirements for *Monell* liability." *French v. Hester*, 585 F. Supp. 3d 974, 986 (E.D. Ky. 2022), *appeal dismissed*, No. 22-5210, 2022 WL 4228986 (6th Cir. Aug. 16, 2022) (collecting cases).

Where a *Monell* claim is based on a theory of inaction, such as a failure to train or supervise employees, the plaintiff must allege: (1) a clear and persistent pattern of unconstitutional conduct by municipal employees; (2) that the municipality had notice or constructive notice of the unconstitutional conduct; (3) that the municipality tacitly approved the unconstitutional conduct such that its deliberate indifference in its failure to act can be said to amount to an official policy of inaction; and (4) that the policy of inaction was the "moving force" behind the constitutional deprivation, such that the plaintiff's injury was caused by the municipality's inaction rather than the conduct of an employee. *D'Ambrosio v. Marino*, 747 F.3d 378, 387–88 (6th Cir. 2014) (citing *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996)).

"For a failure to train claim to survive a motion to dismiss, a plaintiff must do more than vaguely allege that [employees] are

8

not adequately trained." *Warren v. Lexington-Fayette Urb. Cnty. Gov't*, No. 5:16-140-DCR, 2016 WL 4491837, at *3 (E.D. Ky. Aug. 25, 2016). For example, an allegation that a city "was deliberately indifferent to its police officers' need for training about interactions with citizens who have been handcuffed and are in police custody" does not sufficiently identify a particular unconstitutional policy. *Mitchell v. Mike*, No. 5:14-301-DCR, 2015 WL 6675549, at *6 (E.D. Ky. Oct. 30, 2015).

Similarly, a complaint that failed to refer to a specific custom but instead contained only conclusory statements, including that the defendant "was deliberately indifferent" to their duty to train and that the defendant "seems uninterested in complying with state [statutes]," was also insufficient to survive a motion to dismiss. *French*, 585 F. Supp. 3d at 987.

However, a court in this District found that, where the plaintiff alleged that the defendant had a policy to permit police officers to arrest individuals for public intoxication without requiring evidence and that such a policy had led to numerous wrongful arrests, a failure to train claim could survive a motion to dismiss. *Warren*, 2016 WL 4491837, at *3-4.

Here, the Cottrills' have not identified a specific policy or custom, but have merely based their claim on a bare, conclusory statement, much like the plaintiff in *French*. The Cottrills do not

9

even meet the insufficient bar set by *Mitchell* and have failed to point to a general type of training that Mason County should have provided to its employees. Unlike the plaintiff in *Warren*, the Cottrills have not identified any pattern of unconstitutional conduct and, instead, focus only on Defendants' conduct with respect to their own rights. Accordingly, Plaintiffs' failure to train claim cannot survive Defendants' Motion to Dismiss.

The Cottrills' failure to supervise claim fares similarly. The "'failure to supervise' theory of municipal liability is a rare one." *Mize v. Tedford*, 375 F. App'x 497, 500 (6th Cir. 2010). To state a failure to supervise claim, a plaintiff must show that a municipality acted with deliberate indifference to the risk of a constitutional violation and that its deliberate indifference was the "moving force" behind the plaintiff's injury. *Amerson v. Waterford Twp.*, 562 F. App'x 484, 492 (6th Cir. 2014) (citing *Mize*, 375 F. App'x at 500).

However, much like with their failure to train claim, the Cottrills have not described what Mason County failed to do in terms of supervision of its employees. Similarly, they have not claimed that any such failure was the result of deliberate indifference. *See id.* (concluding that a failure to supervise claim failed where there were no claims of a pattern of unconstitutional conduct, a record of employees going unpunished for

10

unconstitutional conduct, or other circumstances tending to show that a municipality was or could have been aware that its employees were prone to committing unconstitutional conduct).

Accordingly, the Cottrills have failed to state a § 1983 claim that is plausible on its face. *See Twombly*, 550 U.S. at 570.[3]

### iii. Motion for Leave to Amend the Complaint

The Cottrills' § 1983 claim cannot be saved by their Motion for Leave to Amend their Complaint. "An amendment is futile when, after including the proposed changes, the complaint still 'could not withstand a Rule 12(b)(6) motion to dismiss.'" *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737–38 (6th Cir. 2022) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

The Cottrills' Proposed Amended Complaint contains some additional allegations but does not alter the original Complaint's conclusory claim that the "Mason County Animal Shelter had [a] custom, policy, or practice of failing to train and supervise their employees." (*See* Doc. 19-1 at 5).[4] Like the original Complaint,

---

[3] The Cottrills argue that Defendants' Motion to Dismiss should be analyzed under the summary judgment standard because Defendants reference facts outside the pleadings. (Doc. 18 at 4). However, to the extent Defendants do refer to facts outside the pleadings, those facts were not considered by the Court and, thus, the Court need not apply the summary judgment standard.

[4] The Proposed Amended Complaint also adds a § 1983 claim against the Mason County Animal Shelter, but this does not affect the Court's

11

the Proposed Amended Complaint fails to identify a specific policy or custom.

Although the Proposed Amended Complaint specifically alleges that the Mason County Animal Shelter breached its statutory duty to provide Ghost with water and food, (*id.*), it does not contain a claim that such a breach was due to any policy or custom of failing to train employees to feed the animals under their care. The Cottrills' Proposed Amended Complaint also fails to allege a pattern of unconstitutional conduct or claim that Mason County acted with deliberate indifference. *See D'Ambrosio*, 747 F.3d at 387-88; *Amerson*, 562 F. App'x at 492.

Because the Cottrills' Proposed Amended Complaint is also insufficient to survive a Rule 12(b)(6) motion to dismiss, it is futile with respect to their § 1983 claim.

### B. Remaining State Law Claims

Because this Court has dismissed the only federal claim asserted, it declines to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3). *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly if the federal claims are dismissed before trial . .

---

analysis because it too must be analyzed as a *Monell* claim against Mason County.

. the state claims should be dismissed as well." (footnote omitted)).

## *Conclusion*

Therefore, for the reasons stated above, **IT IS ORDERED** that:

(1) Defendants' Motion to Dismiss (Doc. 14) be, and is hereby, **GRANTED** as to Plaintiffs' § 1983 claim, and **DENIED AS MOOT** as to Plaintiffs' other claims;

(2) Plaintiffs' Motion for Leave to Amend the Complaint (Doc. 19) be, and is hereby, **DENIED**;

(3) All of Plaintiffs' claims be, and are hereby, **DISMISSED**; and

(4) This matter is stricken from the docket of the Court.

This 24th day of May 2023.



Signed By:
*William O. Bertelsman* WOB
United States District Judge